# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ADVENT INTERNATIONAL L.P., | ) | |
| f/k/a ADVENT INTERNATIONAL | ) | |
| CORPORATION, ADVENT | ) | |
| INTERNATIONAL PE ADVISORS, | ) | |
| S.C., ADVENT LATIN AMERICAN | ) | |
| PRIVATE EQUITY FUND III | ) | |
| LIMITED PARTNERSHIP, ADVENT | ) | |
| LATIN AMERICAN PRIVATE | ) | |
| EQUITY FUND III-A LIMITED | ) | |
| PARTNERSHIP, ADVENT LATIN | ) | |
| AMERICAN PRIVATE EQUITY | ) | |
| FUND III-B LIMITED PARTNERSHIP, | ) | |
| ADVENT LATIN AMERICAN | ) | |
| PRIVATE EQUITY FUND III-C | ) | |
| LIMITED PARTNERSHIP, ADVENT | ) | |
| LATIN AMERICAN PRIVATE | ) | |
| EQUITY FUND III-D LIMITED | ) | C.A. No. 2023-0647-LWW |
| PARTNERSHIP, ADVENT LATIN | ) | |
| AMERICAN PRIVATE EQUITY | ) | |
| FUND III-E LIMITED PARTNERSHIP, | ) | |
| ADVENT LATIN AMERICAN | ) | |
| PRIVATE EQUITY FUND III-F | ) | |
| LIMITED PARTNERSHIP, ADVENT | ) | |
| LATIN AMERICAN PRIVATE | ) | |
| EQUITY FUND III-G LIMITED | ) | |
| PARTNERSHIP, ADVENT | ) | |
| PARTNERS LAPEF III LIMITED | ) | |
| PARTNERSHIP, ADVENT LATIN | ) | |
| AMERICAN PRIVATE EQUITY | ) | |
| FUND IV LIMITED PARTNERSHIP, | ) | |
| ADVENT LATIN AMERICAN | ) | |
| PRIVATE EQUITY FUND IV-A | ) | |
| LIMITED PARTNERSHIP, ADVENT | ) | |
| LATIN AMERICAN PRIVATE | ) | |
| EQUITY FUND IV-B LIMITED | ) | |
| PARTNERSHIP, ADVENT LATIN | ) | |
| AMERICAN PRIVATE EQUITY | ) | |

FUND IV-C LIMITED PARTNERSHIP,                )
ADVENT LATIN AMERICAN                          )
PRIVATE EQUITY FUND IV-D                        )
LIMITED PARTNERSHIP, ADVENT                     )
LATIN AMERICAN PRIVATE                          )
EQUITY FUND IV-E LIMITED                        )
PARTNERSHIP, ADVENT LATIN                       )
AMERICAN PRIVATE EQUITY                         )
FUND IV-F LIMITED PARTNERSHIP,                 )
ADVENT LATIN AMERICAN                          )
PRIVATE EQUITY FUND IV-G                        )
LIMITED PARTNERSHIP, ADVENT                     )
PARTNERS LAPEF IV LIMITED                       )
PARTNERSHIP, ADVENT                             )
PARTNERS III LIMITED                            )
PARTNERSHIP, CARLOS ALFREDO                     )
PAZ PEREZ, ENRIQUE PANI BANO,                   )
JAMES WESTRA                                    )
                                                )
        Plaintiffs,                              )
                                                )
    v.                                           )
                                                )
SERVICIOS FUNERARIOS GG S.A.                    )
DE C.V.,                                        )
                                                )
        Defendant.                               )

## MEMORANDUM OPINION

Date Submitted: February 3, 2026
Date Decided: May 12, 2026

William M. Lafferty, Kevin M. Coen & Alex F. Hoeschel, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware; Peter L. Welsh & Daniel V. Ward, ROPES & GRAY LLP, Boston, Massachusetts; Andrew J. Rossman & Nicholas A.S. Hoy, QUINN EMANUEL URQUHART & SULLIVAN, LLP, New York, New York; Joseph Margolies, QUINN EMANUEL URQUHART &

SULLIVAN, LLP, Chicago, Illinois; Gabriel F. Soledad, QUINN EMANUEL URQUHART & SULLIVAN, LLP, Washington, D.C.; *Counsel for Plaintiffs*

Peter J. Walsh, Jr., Aaron R. Sims & Megan R. Thomas, POTTER ANDERSON & CORROON LLP, Wilmington, Delaware; David Boies & Marc Ayala, BOIES SCHILLER FLEXNER LLP, Armonk, New York; Carlos M. Sires & Ana Carolina Varela, BOIES SCHILLER FLEXNER LLP, Fort Lauderdale, Florida; Michael Aleo, LESSER NEWMAN ALEO & NASSER, LLP, Northampton, Massachusetts; *Counsel for Defendant*

**WILL, Vice Chancellor**

This is the third decision issued in a complex contract dispute. I previously entered an anti-suit injunction after holding that the defendant's filing of litigation in Mexico breached the Delaware forum selection clause in a guarantee. I then held that the defendant's breaches of covenants not to sue and non-recourse provisions caused the guarantee to terminate by its terms. Now, the plaintiffs move for summary judgment on their entitlement to damages corresponding to defense costs incurred in Mexico and enforcement costs incurred in this court.

The plaintiffs' motion is granted in part and denied in part. The plaintiffs are awarded the costs incurred in defending the unauthorized Mexican suit as expectation damages. Because the record lacks a methodological baseline to evaluate the plaintiffs' proposed allocation of certain fees, the final quantum of damages is stayed pending targeted discovery. Their request for fees incurred in prosecuting this action, however, is contrary to the American Rule.

## I. BACKGROUND

The following background is drawn from undisputed facts in the pleadings and this court's June 7, 2024 Memorandum Opinion (the "June Opinion") and October 29, 2024 Memorandum Opinion (the "October Opinion").[1]

---

[1] *See Advent Int'l Corp. v. Servicios Funerarios GG S.A. de C.V.*, 2024 WL 3580934 (Del. Ch. June 7, 2024); *Advent Int'l, L.P. v. Servicios Funerarios GG S.A. de C.V.*, 2024 WL 4598884 (Del. Ch. Oct. 29, 2024).

1

## A. The Gayosso Transaction and Guarantee

In 2021, Servicios Funerarios GG S.A. de C.V. purchased Mexican funeral company Grupo Gayosso S.A. de C.V. from Advent International Corporation.[2] Advent International owned substantially all of Gayosso's capital stock through various affiliated funds (the "Guarantors"), which in turn held their controlling interest through seven special purpose vehicles (the "Sellers").[3]

On January 27, 2021, the Sellers and Servicios Funerarios executed a Share Purchase Agreement ("SPA") that capped the Sellers' indemnification obligations to Servicios Funerarios at Gayosso's enterprise value.[4]

Concurrent with the SPA, the Guarantors executed a financial guarantee (the "Guarantee") backstopping the Sellers' indemnification obligations.[5] In exchange, Servicios Funerarios agreed to release all claims related to the Gayosso transaction except for certain permitted "Claims" against the Guarantors for breach of the Guarantee (enforceable in Delaware) and the Sellers for breach of the SPA (enforceable in Mexico).[6]

---

[2] *Advent*, 2024 WL 3580934, at *1; *Advent*, 2024 WL 4598884, at *1.

[3] *Advent*, 2024 WL 3580934, at *1; *Advent*, 2024 WL 4598884, at *1.

[4] *Advent*, 2024 WL 3580934, at *2; *Advent*, 2024 WL 4598884, at *1; *see also* Verified Second Am. Compl. for Inj. Relief (Dkt. 68) ("Compl.") Ex. B.

[5] *Advent*, 2024 WL 3580934, at *2; *Advent*, 2024 WL 4598884, at *2; *see also* Compl. Ex. A ("Guarantee").

[6] *Advent*, 2024 WL 3580934, at *2; *Advent*, 2024 WL 4598884, at *2.

Servicios Funerarios covenanted not to sue any "Non-Party," including Advent International, with respect to such "Claims."[7] The Guarantee effectuated this waiver through two covenants not to sue, a non-recourse clause, and a release and anti-reliance provision.[8]

## B. Foreign and Delaware Litigation

In March 2022, Servicios Funerarios sued Advent International, Advent International PE Advisors, S.C. ("Advent Mexico"), and various affiliated funds in Mexican federal court (the "Mexican Civil Action").[9] It alleged that it had been fraudulently induced into entering the Gayosso transaction.[10] A few months later, it filed a criminal proceeding in Mexico against Advent International, Advent Mexico, and employees of those entities.[11] The next year, in March 2023, it sued Advent International in the United States District Court for the District of Massachusetts based on the same allegations.[12]

In June 2023, Advent International and affiliated funds (together, "Advent") sued Servicios Funerarios in this court for breach of the Guarantee (the "Delaware

---

[7] *Advent*, 2024 WL 3580934, at *2; *Advent*, 2024 WL 4598884, at *2.

[8] *Advent*, 2024 WL 4598884, at *2-3.

[9] *Advent*, 2024 WL 3580934, at *3; *Advent*, 2024 WL 4598884, at *3.

[10] *Advent*, 2024 WL 3580934, at *3; *Advent*, 2024 WL 4598884, at *3.

[11] *Advent*, 2024 WL 3580934, at *3; *Advent*, 2024 WL 4598884, at *3.

[12] *Advent*, 2024 WL 3580934, at *3; *Advent*, 2024 WL 4598884, at *3.

Action").[13]  I resolved the parties' ensuing cross-motions for summary judgment in two memorandum opinions.

In the June Opinion, I held that the Mexican Civil Action breached the Guarantee's forum selection clause and enjoined Servicios Funerarios from prosecuting that suit against Advent International.[14]  The parties then jointly agreed to stay the Mexican Civil Action.[15]

The October Opinion resolved the remainder of Advent's motion for summary judgment on liability.  I held that Servicios Funerarios breached the Guarantee's covenants not to sue, as well as the release and non-recourse provisions, when it filed the Mexican Civil Action against Advent International, causing the Guarantee to terminate by its terms.[16]  I declined to enjoin the Mexican Criminal Action due to international comity concerns, and held that laches barred Advent Mexico from seeking an injunction of the Mexican Civil Action.[17]  I instructed the parties to confer on any remaining issues, including damages.[18]

---

[13] *Advent*, 2024 WL 3580934, at *3; *Advent*, 2024 WL 4598884, at *3; *see also* Dkts. 1 (initial complaint), 8 (amended complaint).

[14] *Advent*, 2024 WL 3580934, at *4, *13.

[15] *Advent*, 2024 WL 4598884, at *4; *see also* Dkts. 89, 96.

[16] *Advent*, 2024 WL 4598884, at *5, *9-10.

[17] *Id.* at *5.

[18] Dkt. 110 ¶ 9.

On July 14, 2025, Advent filed a revised motion for summary judgment on the quantum of its purported damages.[19] Servicios Funerarios opposed the motion and cross-moved to compel discovery under Court of Chancery Rule 56(f) and to stay summary judgment pending discovery.[20] Briefing for both motions was complete as of November 21.[21] Oral argument was held on February 3, 2026, and the motions were taken under advisement.[22]

## II.    LEGAL ANALYSIS

Under Court of Chancery Rule 56, summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."[23] "[F]acts must be viewed in the light most favorable to the nonmoving party and the moving party has the burden of demonstrating that there is no material question of fact."[24]

---

[19] Pls.' Revised Opening Br. in Supp. of Mot. for Summ. J. on Damages (Dkt. 121) ("Pls.' Opening Br.").

[20] Servicios Funerarios' Answering Br. in Opp'n to Pls.' Revised Mot. for Summ. J. on Damages (Dkt. 135) ("Def.'s Answering Br."); Def.'s Mot. to Compel and for Stay Pending Disc. Pursuant to Rule 56(f) (Dkt. 134) ("Def.'s Mot. to Compel").

[21] Pls.' Reply Br. in Further Supp. of Mot. for Summ. J. on Damages (Dkt. 140); Pls.' Opp'n to Def.'s Mot. to Compel and for a Stay Pending Disc. Pursuant to Rule 56(f) (Dkt. 141) ("Pls.' Opp'n to Mot. to Compel"); Def.'s Reply in Further Supp. of Mot. to Compel and for Stay Pending Disc. Pursuant to Rule 56(f) (Dkt. 145).

[22] *See* Tr. of Feb. 3, 2026 Oral Arg. (Dkt. 153).

[23] Ct. Ch. R. 56(c).

[24] *Senior Tour Players 207 Mgmt. Co. v. Golftown 207 Hldg. Co.*, 853 A.2d 124, 126 (Del. Ch. 2004); *see also Lyondell Chem. Co. v. Ryan*, 970 A.2d 235, 241 (Del. 2009) ("The

A party opposing summary judgment may, under Court of Chancery Rule 56(f), request limited discovery if it "cannot for reasons stated present by affidavit facts essential to justify the party's opposition . . . ."[25] Rule 56(f) is designed to protect non-movants from being sandbagged by a motion for summary judgment.[26] "The invoking party carries the burden under Rule 56(f) to show that it could not present" such essential facts.[27]

Advent seeks summary judgment on its entitlement to monetary damages arising from Servicios Funerarios' breaches of the Guarantee. It contends that it is entitled to damages equal to attorneys' fees and costs it incurred in both the Mexican Civil Action and this Delaware Action.[28] Servicios Funerarios opposes the motion, asserting that such fees are nonrecoverable under the American Rule and due to Advent's delay.[29] It also moves under Rule 56(f) for further discovery.[30]

I address Servicios Funerarios' Rule 56(f) motion first, which I grant only as to Advent's percentage-based allocation of "mixed" fees. Turning to the ripe

---

facts, and all reasonable inferences, must be considered in the light most favorable to the non-moving party.").

[25] Ct. Ch. R. 56(f).

[26] *See Scharf v. Edgcomb Corp.*, 2000 WL 1234650, at \*2 (Del. Ch. Aug. 21, 2000).

[27] *Schillinger Genetics, Inc. v. Benson Hill Seeds, Inc.*, 2021 WL 320723, at \*16 (Del. Ch. Feb. 1, 2021).

[28] Pls.' Opening Br. 2.

[29] Def.'s Answering Br. 1-2.

[30] Def.'s Mot. to Compel 2.

portions of Advent's motion, I grant summary judgment in part, deny it in part, and stay it in part pending Servicios Funerarios' targeted discovery. I conclude that Advent is entitled to reasonable attorneys' fees and costs incurred in the Mexican Civil Action as expectation damages. Advent cannot, however, recover the enforcement fees it incurred in this Delaware Action.

## A.    Rule 56(f) Motion

Servicios Funerarios requests discovery under Rule 56(f) and a stay of summary judgment pending that discovery.[31] It seeks discovery to ascertain which fees resulted directly from the breaches of the Guarantee, what work underlies certain invoices, and whether Advent sought to mitigate its claimed damages.[32] The information Servicios Funerarios pursues is largely unavailable or unnecessary to decide the issues presented in Advent's motion—with one exception regarding Advent's fee allocation methodology.

A Rule 56(f) motion for discovery "is not absolute" and "is necessarily circumscribed by the discretion of the trial court."[33] Although Servicios Funerarios styles its motion as a motion to compel, the operative standard comes from Rule

---

[31] *Id.* ¶ 2. This request is framed in the alternative, but I address it at the outset because granting discovery could make any substantive analysis of Advent's motion premature.

[32] *Id.* ¶ 2.

[33] *Malpiede v. Townson*, 780 A.2d 1075, 1091 (Del. 2001).

56(f) rather than Rule 26.[34]  Servicios Funerarios must show that, absent discovery, it cannot present facts essential to oppose summary judgment.[35]  It failed to meet that standard for the majority of its requests.

First, this court "will not order the production of documents that do not exist."[36]  Much of what Servicios Funerarios desires falls in this category, including fee-sharing agreements and "line-item detail" for the invoices from each Mexican law firm that represented Advent in the Mexican Civil Action.[37]  Advent's responses to Servicios Funerarios' discovery requests confirm that no specific joint representation agreements and line-item invoices from the Mexican firms were generated.[38]

---

[34] The case law Servicios Funerarios cites to argue otherwise is inapposite.  It concerns fee-shifting motions outside the summary judgment context.  *See, e.g.*, *K & P Hldg. II, LLC v. ATH Hldg. Co., LLC*, 2020 WL 7021505, at \*3-4 (Del. Ch. Nov. 30, 2020) (deferring a motion for fee-shifting for further discovery after a complaint was dismissed as moot); *Springer v. Wilderotter*, C.A. No. 2022-0963-LWW, at 33-35 (Del. Ch. June 29, 2023) (TRANSCRIPT) (considering discovery in aid of a fee-shifting motion after a final order retained jurisdiction to resolve any discovery disputes).

[35] *Compare Springer*, C.A. No. 2022-0963-LWW, at 36 (noting that discovery under Rule 26 is still relatively "broad" in the context of a fee-shifting motion), *with Schillinger Genetics*, 2021 WL 320723, at \*16 ("Normally, Rule 56(f) comes into play when the party opposing summary judgment *cannot state certain facts essential* to justify its position because those facts are within the exclusive knowledge of the moving party." (emphasis added)).

[36] *Mitchell Lane Publ'rs, Inc. v. Rasemas*, 2014 WL 4693366, at \*1 (Del. Ch. Sept. 5, 2014).

[37] Def.'s Mot. to Compel ¶¶ 9-10, 17.

[38] *See id.* at Ex. 3 (Pls.' Resps. and Objs. to Def.'s First Set of Reqs. for Produc.) ("RFP Resps.") Nos. 3-5 (stating that no line-item details exist for each of the invoices from the

Second, much of the other information sought is either already provided or not essential.[39] For example, Servicios Funerarios states that it "is entitled to know which services were performed for which party in which proceeding," particularly when six firms represented multiple clients.[40] But Advent's 1,500 color-coded pages of invoices—summarized and allocated in an appendix across each relevant suit, and accompanied by sworn affidavits—are sufficient to make that determination for the invoices dedicated solely to the Mexican Civil Action.[41] Coupled with interrogatory

---

Mexican law firms); Def.'s Mot. to Compel Ex. 4 (Pls.' Resps. and Objs. to Def.'s First Set of Interrogs.) ("Interrog. Resps.") No. 2 ("There is no specific engagement letter for this matter . . . ."); *id.* at No. 14 ("Mijangos was not compensated on an hourly basis."); *see also* Pls.' Opp'n to Mot. to Compel Ex. 3 (Aug. 13, 2025 email) (confirming that no agreements "concerning any joint representation, sharing of resources, or sharing of expenses" exists). Servicios Funerarios complains that Advent "resisted" its requests for production and interrogatories through improper "boilerplate" general objections. Def.'s Mot. to Compel ¶¶ 9-10. But such objections are inappropriate only when "they fail to inform the requesting party why its request [was] specifically objectionable." *Wright v. SLWM, LLC*, 341 A.3d 551, 560 (Del. Ch. 2025). Advent's discovery responses are interposed with specific objections that identify the information to be produced and withheld, and why that information was withheld—including because it does not exist. *See, e.g.*, RFP Resps. Nos. 2-5; Interrog. Resps. Nos. 2, 14.

[39] *Schillinger Genetics*, 2021 WL 320723, at *16 ("[T]he Court has denied a request for discovery under Rule 56(f) where the evidence sought would be 'irrelevant' in light of applicable law.").

[40] Def.'s Mot. to Compel ¶ 9.

[41] *See GMF ELCM Fund L.P. v. ELCM HCRE GP LLC*, 2021 WL 4313430, at *9 (Del. Ch. Sept. 22, 2021) (holding that "sworn affidavits, receipts and invoices are sufficient to substantiate" a claimant's request for attorneys' fees). That also renders the request for engagement letters to answer that same request irrelevant and duplicative.

9

responses that supplement these invoices, Servicios Funerarios possesses the essential facts.[42]

Servicios Funerarios' request for discovery regarding Advent's efforts to mitigate damages similarly fails. Advent has admitted that it filed this action to "mitigate [its] damages."[43] Servicios Funerarios also does not identify a single missing category of documents or information about Advent's mitigation of damages.[44]

Servicios Funerarios succeeds, however, in arguing that the current record lacks essential facts on the 75% discount Advent unilaterally applied to "mixed" billing entries relating to multiple lawsuits. As discussed below, Advent has not provided a sufficient factual foundation to explain why or how its 75% figure represents a responsible estimate of the recoverable fees.[45] Because this allocation

---

[42] Interrog. Resps. Nos. 6-11. I decline to grant the motion based on Advent's invocation of Court of Chancery Rule 33(d) in responding to interrogatory numbers 17 to 29. *See id.* at Nos. 17-29. A general reference to a mass of produced documents is generally insufficient, but Advent also provided Servicios Funerarios with a categorized, color-coded production of its invoices, with an appendix summarizing the requested damages by action and law firm. *See* Pls.' Opening Br. App. A. As such, the burden of reviewing those invoices to pinpoint specific entries relating to the legal work for which Advent is seeking fees is "substantially the same" for both parties. Ct. Ch. R. 33(d).

[43] Interrog. Resp. 29. Servicios Funerarios acknowledges this in its answering brief to the motion for summary judgment. *See* Def.'s Answering Br. 37-38.

[44] *See Bay Cap. Fin., L.L.C. v. Barnes & Noble Educ., Inc.*, 2020 WL 1527784, at *10 (Del. Ch. Mar. 30, 2020), *aff'd*, 249 A.3d 800 (Del. 2021).

[45] *See infra* Section II.B.3.b.

methodology is uniquely within Advent's knowledge, Servicios Funerarios is entitled to targeted discovery—a focused Rule 30(b)(6) deposition or limited interrogatories—to probe the basis for this discount before the quantum of the mixed fees can be resolved.

Because the record is otherwise sufficient to adjudicate Advent's entitlement to damages, the motion to compel is denied, except that it is granted in part as to the 75% allocation methodology.[46]

## B. Summary Judgment on Damages

"The standard remedy for breach of contract is expectation damages."[47] Here, both the breach and the fact of damages have been established. I previously found that Advent was forced to defend against claims filed in a foreclosed forum in breach of the Guarantee.[48] The remaining dispute concerns the scope and quantum of Advent's damages, which Advent must prove with "reasonable certainty."[49]

---

[46] Servicios Funerarios also asks that I shift fees incurred in bringing the Rule 56(f) motion under Court of Chancery Rule 37(a)(4). Def.'s Mot. to Compel ¶ 30; *see In re Appraisal of Dole Food Co.*, 114 A.3d 541, 562-63 (Del. Ch. 2014). This request is rejected because Advent's opposition to most of the discovery requests was substantially justified. To the extent Servicios Funerarios succeeded in part, a fee award under Rule 37(a)(4) is unwarranted. And Servicios Funerarios provides no authority applying Rule 37's broad presumption of fee-shifting to a Rule 56(f) motion. *See Beck v. Atl. Coast PLC*, 868 A.2d 840, 851-52 (Del. Ch. 2005).

[47] *Namdar v. Fried*, 340 A.3d 1184, 1191 (Del. Ch. 2025).

[48] *See Advent*, 2024 WL 3580934, at *12.

[49] *Siga Techs., Inc. v. PharmAthene, Inc.*, 132 A.3d 1108, 1131 (Del. 2015); *see also Maverick Therapeutics, Inc. v. Harpoon Therapeutics, Inc.*, 2021 WL 1592473, at *11

Advent claims that it is entitled to $6,053,149.51 plus interest, which corresponds to the attorneys' fees and expenses incurred in defending against the Mexican Civil Action and in enforcing the Guarantee in this court.[50] Servicios Funerarios opposes the request, asserting that the Guarantee does not provide for fee-shifting, that Advent International and Advent Mexico's delay bars recovery of the fees associated with the Mexican Civil Action, and that the Delaware Action fees are non-recoverable enforcement expenses.[51]

I conclude that Advent is entitled to damages to compensate it for the fees and expenses incurred in the Mexican Civil Action. The Delaware Action fees, by contrast, are enforcement expenses that are unrecoverable under the American Rule. Thus, I grant summary judgment establishing Advent's entitlement to the Mexican Civil Action fees as a matter of law and deny summary judgment as to the Delaware Action fees. The precise quantum of damages will be determined after the record is supplemented by the targeted discovery authorized above.

---

(Del. Ch. Apr. 23, 2021) ("Having proven the fact of its damages, Millenium must also provide a basis from which this Court can make a 'responsible estimate' of the amount of damages. Certainty is not required 'where a wrong has been proven and injury established.'").

[50] Pls.' Opening Br. 12, 17. I note that Advent is not seeking damages for expenses incurred in either the Mexican criminal action or the Massachusetts action.

[51] Def.'s Answering Br. 23-24, 35.

1.      Entitlement to Mexican Civil Action Fees

Advent contends that it is entitled to recover the attorneys' fees and costs Advent International and Advent Mexico incurred in the Mexican Civil Action.[52]  I agree.  Damages for the breach of a forum selection clause or a covenant not to sue include any losses incurred in being forced to litigate in the foreclosed forum.  None of Servicios Funerarios' legal arguments or affirmative defenses support a different result.

a.      Recoverability

Expectation damages are "designed to place the injured party in an action for breach of contract in the same place [they] would have been if the contract had been performed."[53]  At the same time, the American Rule provides that a prevailing party is not ordinarily entitled to an award of legal fees and costs absent an exception, such as a contractual fee-shifting provision.[54]  Advent's request for damages to compensate it for attorneys' fees and legal expenses reveals a tension between these doctrines.

Delaware courts have recognized that when a party violates a forum selection clause, the wrongful suit is the breach and the defending party may be entitled to an

---

[52] Pls.' Opening Br. 12.

[53] *Paul v. Deloitte & Touche, LLP*, 974 A.2d 140, 146 (Del. 2009) (citation omitted).

[54] *See Mahani v. Edix Media Gp., Inc.*, 935 A.2d 242, 245 (Del. 2007).

13

award of damages.[55]  Federal courts applying Delaware law have reached the same conclusion regarding covenants not to sue.[56]  Damages are measured by the attorneys' fees and costs expended to vindicate the non-breaching party's rights in the unauthorized forum.[57]  These attorneys' fees constitute "the primary relief that a party seeks for breach of contract."[58]  Because they are expectation damages—not

---

[55] *See Namdar*, 340 A.3d at 1189-90 (citing *El Paso Nat. Gas Co. v. TransAmerican Nat. Gas Corp.*, 669 A.2d 36 (Del. 1995), *overruled on other grounds by*, *Nat'l Indus. Gp. (Hldg.) v. Carlyle Inv. Mgmt. L.L.C.*, 67 A.3d 373 (Del. 2013)).

[56] *See White Winston Select Asset Funds, LLC v. Good Times Rests., Inc.*, 2024 WL 2745174, at *4 & n.5 (3d Cir. Mar. 1, 2024) (applying Delaware law to hold that when a party breaches a covenant not to sue, the non-breaching party "suffers the cost of litigation and should be entitled to compensation," and noting that because such fees are sought "as damages for breach of contract—not as costs of litigation from a non-prevailing party. . . . any damages award would not implicate the American Rule . . . .").

[57] *See Namdar*, 340 A.3d at 1189-90.  In *Namdar v. Fried*, the plaintiff breached a Delaware forum selection clause by bringing suit in Puerto Rico, after which the court awarded damages in the form of the expenses incurred in the Puerto Rican litigation.  *Id.* at 1195.  In doing so, it relied on *El Paso Natural Gas Company v. TransAmerican National Gas Company*, where the Delaware Supreme Court stated a party could raise a forum selection clause as a defense in a wrongful forum and, "if successful, recover the costs of that litigation." *El Paso*, 669 A.2d at 40.  *Namdar* observed that this portion of *El Paso* remains good law, and that *El Paso* was only later overruled in part on the grounds that "the Court of Chancery lacked jurisdiction to issue an anti-suit injunction" for the breach of a forum selection clause—not regarding the availability of damages for that same breach.  *Namdar*, 340 A.3d at 1198-1202; *see also Carlyle*, 67 A.3d at 385-86 (discussing *El Paso* in the context of an anti-suit injunction); *cf. Ingres Corp. v. CA, Inc.*, 8 A.3d 1143, 1147 (Del. 2010) (affirming an injunction against a suit in a wrongful forum per a forum selection clause).

[58] *Namdar,* 340 A.3d at 1202-03; *see also Cornerstone Brands, Inc. v. O'Steen*, 2006 WL 2788414, at *4 (Del. Ch. Sept. 20, 2006) (stating that the Delaware Supreme Court in *El Paso* "implied that damages may be obtained for a breach of a forum selection clause, and an award of such damages does not contravene the American Rule").

14

"enforcement expenses" incurred to litigate the breach—the American Rule does not bar their recovery.[59]

Advent is therefore entitled to recover the losses it suffered from defending Advent International and Advent Mexico in the Mexican Civil Action. "A party protected by a forum selection clause can reasonably expect not to have to litigate [in] a foreclosed forum and not to incur expenses doing so."[60] Because Advent contracted to have all permitted claims under the Guarantee brought in Delaware, it was reasonably foreseeable that Servicios Funerarios' breach of that promise would cause Advent to defend the Mexican Civil Action.[61] Accordingly, only an award of litigation fees and expenses in the Mexican Civil Action would place Advent in the position it would have occupied had the Guarantee been honored.[62]

### b. Servicios Funerarios' Defenses

Servicios Funerarios advances several legal arguments to avoid a damages award for the Mexican Civil Action. None are availing.

---

[59] *Namdar,* 340 A.3d at 1202-03.

[60] *Id.* at 1191.

[61] *See* Restatement (Second) of Contracts § 351 cmt. a (A.L.I. 1981) (noting that "[i]t is enough, however, that [a] loss was foreseeable as a probable, as distinguished from a necessary, result" of a breaching party's conduct for the purposes of liability); Guarantee § 10; *see also Tackett v. State Farm Fire & Cas. Ins.*, 653 A.2d 254, 265 (Del. 1995) ("Recovery is limited to those damages that arise naturally from the breach or that were reasonably foreseeable at the time the contract was made.").

[62] *Namdar*, 340 A.3d at 1203-04.

15

First, Servicios Funerarios asserts that Advent failed to mitigate its damages by waiting too long to seek an anti-suit injunction of the Mexican Civil Action. Had Advent acted promptly to enjoin the suit, Servicios Funerarios argues, Advent's damages would have been reduced.[63]

Servicios Funerarios bears the burden of proving its affirmative defense of failure to mitigate damages.[64] It has not met that burden now, just as it failed to establish unreasonable delay earlier in this case.[65] When Advent filed the Delaware Action, Advent International had not yet been served with the Mexican civil complaint.[66] Waiting for formal service before seeking an anti-suit injunction—particularly amid overlapping civil and criminal proceedings in multiple forums—is a "reasonable effort" to mitigate loss.[67] To hold otherwise would condone a hindsight-driven, "hypercritical examination of the conduct of the injured party."[68]

---

[63] Def.'s Answering Br. 24.

[64] *See Tanner v Exxon Corp.*, 1981 WL 191389, at *4 (Del. Super. July 23, 1981) (explaining that "[f]ailure to mitigate damages is an affirmative defense").

[65] *Advent*, 2024 WL 3580934, at *6 n.66 ("Advent sought this relief when Advent International was served with process in Mexico, which occurred long after the suit was filed. Before then, Advent International had no obligation to respond to the suit.").

[66] *See* Dkt. 42.

[67] *Am. Gen. Corp. v. Cont'l Airlines Corp.*, 622 A.2d 1, 11 (Del. Ch. 1992), *aff'd*, 620 A.2d 856 (Del. 1992).

[68] *W. Willow-Bay Ct., LLC v. Robino-Bay Ct. Plaza, LLC*, 2009 WL 458779, at *8 (Del. Ch. Feb. 23, 2009) (citation omitted).

16

Servicios Funerarios next argues that the fees sought do not "flow causally" from the breach because the same fraud claims were litigated in Massachusetts.[69] That is, it believes that even if it had not sued in Mexico, Advent would have incurred attorneys' fees and costs in Massachusetts regardless. Not so. Filing the suit in the unauthorized forum breached the Guarantee.[70] Although the underlying factual allegations may overlap, the expenses incurred to navigate and defend a distinct action in Mexico are a direct and proximate result of Servicios Funerarios breaching the Guarantee's forum selection clause.[71]

Finally, Servicios Funerarios maintains that because I held laches barred Advent Mexico from seeking an injunction of the Mexican Civil Action, Advent Mexico is likewise barred from seeking damages.[72] It also argues that Advent Mexico waived its right to enforce the Guarantee by litigating in Mexico for two years before seeking relief here.[73]

---

[69] Def.'s Answering Br. 24, 31 n.11.

[70] *See Advent*, 2024 WL 3580934, at *4 ("Advent's expedited request for an anti-suit injunction turns on whether the Mexican civil action breaches the Guarantee's forum selection clause. I conclude, based on the plain text of the Guarantee, that the Mexican civil action presents 'Claims' that must be filed in Delaware.").

[71] *See supra* notes 60-62 and accompanying text.

[72] Def.'s Answering Br. 34-35.

[73] *Id.* at 35-36.

Laches is an equitable defense.[74]  It cannot be used to bar a "purely legal claim" seeking a legal remedy, such as damages for breach of contract.[75]  There is also no statute of limitations defense available to Servicios Funerarios; the limitations period is three years, and the Delaware Action was filed within it.[76] Advent Mexico's pursuit of damages is therefore timely.

Servicios Funerarios' contention that Advent Mexico waived the right to challenge the breaches of the Guarantee fares no better.  As explained in the June Opinion, "[t]he Guarantee contains a non-waiver clause requiring that a waiver be in writing, that 'no delay or omission' in exercising any right operates as a waiver, and that no prior waiver operates as a future waiver."[77]  No such writing is in the record.[78]

Nor did Advent Mexico's conduct amount to a waiver.[79]  Advent Mexico's participation in the Mexican Civil Action was limited to filing a responsive pleading

---

[74] *Kraft v. WisdomTree Invs., Inc.*, 145 A.3d 969, 974 (Del. Ch. 2016).

[75] *See NASDI Hldgs., LLC v. N. Am. Leasing, Inc.*, 2019 WL 1515153, at *6 (Del. Ch. Apr. 8, 2019), *aff'd*, 276 A.3d 463 (Del. 2022).

[76] *See* 10 *Del. C.* § 8106; *Daugherty v. Highland Cap. Mgmt., L.P.*, 2018 WL 3217738, at *7 (Del. Ch. June 29, 2018) (discussing how a three-year statute of limitations applies to "claims sounding in contract").

[77] *Advent*, 2024 WL 3580934, at *6; *see* Guarantee § 14.

[78] *See Advent*, 2024 WL 3580934, at *6.

[79] *See Roam-Tel P'rs v. AT&T Mobility Wireless Operations Hldgs. Inc.*, 2010 WL 5276991, at *9 (Del. Ch. Dec. 17, 2010) (explaining that acting "in a way inconsistent with" a contractual right could reflect waiver).

before seeking relief in this court.[80]  This defensive posture does not manifest a clear intent to relinquish contractual rights.

### 2. Non-Entitlement to Delaware Enforcement Fees

Advent also seeks to recover the attorneys' fees and expenses it incurred pursuing this Delaware Action.  It asserts that these losses were foreseeable to Servicios Funerarios given the Guarantee's clear Delaware forum selection clause, and were a direct result of Servicios Funerarios' breach of that provision.[81]  Servicios Funerarios, however, insists that the Delaware fees are enforcement expenses that cannot be claimed as compensatory damages.[82]

Advent's request for its Delaware enforcement fees is denied.  Unlike the fees incurred in Mexico, which constitute damages from the breach, the fees incurred prosecuting this Delaware Action are enforcement expenses.  Delaware adheres to the American Rule, which provides that each party bears its own attorneys' fees absent a recognized exception.[83]  As the Court of Chancery cautioned in *Vivint Solar, Inc. v. Lundberg*, expanding the remedies for breach of a forum selection clause to

---

[80] *See* Tr. of July 31, 2024 Oral Arg. on Pls.' Mot. for Summ. J. and Def.'s Mot. for Clarification (Dkt. 99) 19.

[81] Pls.' Opening Br. 16.

[82] Def.'s Answering Br. 26.

[83] *See DeMatteis v. RiseDelaware Inc.*, 315 A.3d 499, 508 (Del. 2024).

19

include enforcement fees would create an exception that "swallow[s] the American Rule."[84]

Advent's reliance on *Namdar* to argue otherwise is misplaced. There, the court awarded a party the fees and expenses it incurred to enforce a forum selection clause in Delaware because the relevant contract contained a fee shifting provision.[85] As the court observed, absent that provision, the "American Rule ordinarily would preclude the Company from recovering the enforcement expenses incurred . . . ."[86]

Here, the parties did not contract around the American Rule; the Guarantee lacks a fee-shifting clause.[87] No other exception to the American Rule is invoked or applies.[88] Though Advent is entitled to damages for having to defend the Mexican Civil Action, it cannot recover the fees incurred prosecuting this Delaware Action. Summary judgment with regard to the Delaware enforcement fees is denied.

---

[84] *Vivint Solar, Inc. v. Lundberg*, 2024 WL 2755380, at *40 (Del. Ch. May 30, 2024).

[85] *Namdar*, 340 A.3d at 1204.

[86] *Id.*

[87] *Id.* at 1191 (noting that parties can contract around the American Rule); *see also Leistner v. Red Mud Enters. LLC*, 2023 WL 11196881, at *1 (Del. Ch. April 26, 2024) (requiring that to recover attorneys' fees as enforcement expenses, a contract must have a provision that evidences "a clear and unequivocal agreement" to shift fees (citation omitted)).

[88] For example, Advent does not invoke the bad faith exception to the American Rule. *Cf. Johnston v. Arbitrium (Cayman Islands) Handels AG*, 720 A.2d 542, 545-46 (Del. 1998) (recognizing "bad faith conduct of a party to the litigation as a valid exception to the American Rule").

3. Quantum and Proof

Advent is entitled to its reasonable attorneys' fees it incurred in the defense of Advent International and Advent Mexico in the Mexican Civil Action. For all invoices and billing entries relating solely to the Mexican Civil Action, Advent is awarded the billed amounts in full. For invoices and billing entries that pertain to multiple proceedings, Advent's blanket 75% discount is unsupported by the record. Summary judgment on the mixed entries is stayed pending the discovery granted above.[89] No fees are awarded as to the Delaware Action.[90]

a. Mexico-Only Invoices

I first consider the invoices dedicated to the defense of the Mexican Civil Action. This includes the attorneys' fees reflected in invoices from Advent's counsel—Quinn Emanuel Urquhart & Sullivan, LLP; Ropes & Gray LLP; Rivera Gaxiola Abogados, S.C.; and Oropeza Abogados—that are not intermingled with any other matter.[91]

---

[89] *See supra* Section II.A.

[90] Advent also requests the expert fees it incurred from retaining the Mexican law firm Mijangos y González Abogados, S.C. *See* Pls.' Opening Br. App. A. Mijangos provided expertise on Mexican civil law, but it was hired to assist with this Delaware Action. Pls.' Opening Br. 19 n.6; *see also* Dkts. 69, 94 (declarations submitted by Mijangos). Because these fees were incurred to enforce the Guarantee in Delaware rather than to defend the Mexican Civil Action, they are not recoverable under the American Rule. *See supra* Section II.B.2.

[91] *See* Pls.' Opening Br. App. A. Advent specifically requests the following from each firm for only Mexican Civil Action entries: $92,850 from Quinn Emanuel, $69,636.25 from Ropes & Gray, $2,176,438.09 from Rivera Gaxiola, and $775,000 from Oropeza.

I note that the relevant invoices from Rivera Gaxiola were billed in Mexican pesos (MXN).[92]   Advent used a Bank of America exchange rate at the time the invoices were processed to calculate the dollar amount paid.[93]   Because Advent's expectation damages are the actual out-of-pocket expenses it incurred defending the Mexican Civil Action, the exchange rate applied by its bank at the time the invoices were paid accurately reflects its loss.  I adopt that calculation.

### b.      "Mixed" Entries

I next assess Advent's request for the fees it incurred for certain "mixed" billing entries, which reflect work performed on the Mexican Civil Action along with other matters.[94]   Advent unilaterally applied a 75% discount to these entries as a "conservative estimate of [its] damages . . . ."[95]   Servicios Funerarios rejects the application of this blanket rate, calling it an "arbitrary" figure.[96]

---

The relevant invoices total $3,113,924.34 in recoverable expenses for the Mexican Civil Action.   Advent furnished the court with the accounting and wire transfer records supporting these amounts.  *See* Pls.' Opening Br. Exs. G-I.

[92] *See* Pls.' Opening Br. App. A.

[93] In its revised motion for summary judgment, Advent corrected the exchange rate used from a Banco de México exchange rate to a Bank of America exchange rate to reflect how the invoices were processed.  Dkt. 124.  Servicios Funerarios does not appear to object to this change.

[94] Pls.' Opening Br. App. A.

[95] Pls.' Opening Br. 19-20 n.8.

[96] Def.'s Answering Br. 42.

When a party incurs fees defending multiple actions but is only entitled to recover for one, the fees must be apportioned. A defense "jointly conducted" across multiple law firms in various suits may be difficult to untangle line by line.[97] In such instances, percentage-based deductions are permissible.[98]

Still, the reasonableness of Advent's 75% figure remains an issue of fact I cannot presently resolve. Without an evidentiary basis to support the methodology behind the figure, I cannot determine whether it accurately reflects the proportion of work dedicated to the Mexican Civil Action. As discussed above, Servicios Funerarios is entitled to targeted discovery regarding how Advent calculated this discount.

The quantum of damages for the "mixed" invoices is therefore stayed pending the completion of discovery. After discovery is complete, the parties must submit supplemental letter briefs addressing whether the 75% discount is a responsible estimate of the damages incurred in the Mexican Civil Action. If the record remains genuinely disputed or too complex for resolution on the papers, I will either appoint

---

[97] *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis.").

[98] *See, e.g.*, *Linear Tech. Corp. v. Monolithic Power Sys., Inc.*, 2011 WL 13134960, at *2 n.5, *5 n.23 (D. Del. Dec. 13, 2011) (awarding 50% of total fees); *Pro. Investigating & Consulting Agency, Inc. v. Hewlett-Packard Co.*, 2015 WL 1417329, at *7-8 (Del. Super. Mar. 23, 2015) (awarding 75% of total fees).

a special magistrate to review the invoices or conduct an evidentiary hearing before issuing a final decision on the allocation.

### 4. Interest

Advent is entitled to pre- and post-judgment interest on the damages awarded to it.[99]

Generally, prejudgment interest "accumulates from the date payment was due."[100] Because Advent's expectation damages correspond to the fees it expended, prejudgment interest began to accrue on the dates the relevant invoices were paid by Advent.[101] Post-judgment interest will run from the date of the entry of judgment to the date of payment.

The legal rate is 5% over the Federal Reserve discount rate, including any surcharge, measured from the date interest becomes due.[102] When the court

---

[99] *See Citadel Hldg. Corp. v. Roven*, 603 A.2d 818, 826 (Del. 1992); *Noranda Aluminum Hldg. Corp. v. XL Ins. Am., Inc.*, 269 A.3d 974, 978 (Del. 2021) (citing 6 *Del. C.* § 2301(a)). Pre-judgment interest is awarded to "compensate plaintiffs for losses suffered from the inability to use the money awarded during the time it was not available." *Underbrink v. Warrior Energy Servs. Corp.*, 2008 WL 2262316, at *19 (Del. Ch. May 30, 2008) (citation omitted).

[100] *See Brandywine Smyrna, Inc. v. Millennium Builders, LLC*, 34 A.3d 482, 486 (Del. 2011).

[101] Interest will run on each payment chronologically. *See, e.g.*, Pls.' Opening Br. App. B (listing wire dates for certain invoice payments); Pls.' Opening Br. Exs. G-I (providing accounting and wire records for payments).

[102] 6 *Del. C.* § 2301(a). The Guarantee does not set a different benchmark. *See generally* Guarantee.

24

"award[s] the legal rate of interest, the appropriate compounding rate is quarterly."[103] This approach "better reflects the financial realities of conducting business" than simple interest.[104] Advent is therefore entitled to pre- and post-judgment interest at the legal rate, compounded quarterly, from the date each awarded legal invoice was paid until the date Servicios Funerarios pays the damages owed to Advent.

## III. CONCLUSION

Servicios Funerarios' Rule 56(f) motion is granted in part and denied in part. Advent's motion for summary judgment is granted in part and denied in part. Advent is entitled to recover its reasonable attorneys' fees and costs incurred in defending the Mexican Civil Action, as well as pre- and post-judgment interest. Advent is not entitled to recover its enforcement expenses for this Delaware Action.

The quantum of damages for the mixed billing entries is stayed pending the targeted discovery authorized above. Following that discovery, the parties must submit supplemental letter briefs regarding the allocation methodology.

The parties must confer on and submit a form of implementing order consistent with this decision within ten business days.

---

[103] *Doft & Co. v. Travelocity.com Inc.*, 2004 WL 1152338, at *12 (Del. Ch. May 20, 2004).

[104] *Murphy Marine Servs. of Del., Inc. v. GT USA Wilm., LLC*, 2022 WL 4296495, at *24 (Del. Ch. Sept. 19, 2022).